UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **MOTILE OPTICS, LLC,** | |
| Plaintiff, | **Civil Action No. 6:15-cv-01072-RWS-JDL** |
| v. | |
| **CRAIG ELECTRONICS, INC.** | |
| Defendant | |

**DEFENDANT CRAIG ELECTRONICS, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MOTILE OPTICS, LLC'S COMPLAINT**

Defendant CRAIG ELECTRONICS, INC. (hereinafter "Craig"), by and through undersigned counsel, hereby answers Plaintiff MOTILE OPTICS, LLC's (hereinafter "Motile" or "Plaintiff") Complaint [DE-1] (hereinafter the "Complaint") as follows:

## ANSWER TO THE COMPLAINT

### NATURE OF ACTION

1. Craig admits that Plaintiff purports this to be a claim for patent infringement. Craig denies all remaining allegations in paragraph 1 of the Complaint and specifically that it has infringed any claims of U.S. Patent No. 6,047,223 (the "Patent in Suit").

### PARTIES

2. Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that basis, denies same.

3. Craig admits the allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Craig objects to the allegations in paragraph 4 of the Complaint on the grounds that they do not set forth statements of fact but rather conclusions of law. Without waiving such objection, Craig admits that the Complaint purports to state an action brought under the Patent Laws of the United States.

5. Craig objects to the allegations in paragraph 5 of the Complaint on the grounds that they do not set forth statements of fact but rather conclusions of law. Without waiving such objection, Craig admits that this Court has subject matter jurisdiction over this action.

6. Craig denies the allegations of paragraph 6 of the Complaint.

7. Craig denies (a) that venue is proper in this district; (b) that Craig is deemed to reside in this district; and (c) that Craig is subject to the personal jurisdiction of this Court. Craig further states that the remaining allegations of paragraph 7 of the Complaint are unintelligible and cannot therefore be admitted or denied. To the extent that the remaining allegations of paragraph 7 of the Complaint can be understood to set forth a basis for personal jurisdiction over Craig by this Court, Craig denies same.

## FACTS

8. Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, on that basis, denies same.

9. Craig admits that a document attached to the Complaint as Exhibit A purports to be U.S. Patent No. 6,047,223 entitled "Electronic computer having a magneto-optic unit." Craig is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 9 of the Complaint, and, on that basis, denies same.

10. Craig denies the allegations of paragraph 10 of the Complaint.

## COUNT I

11. Craig incorporates by reference its answers to the allegations of paragraphs 1 through 10 as if fully set forth herein.

12. Craig admits that it has imported into the United States, sold, and offered for sale, portable DVD players having model numbers CTFT751, CTFT750, CTFT719, CTFT716n, CTFT713, CTFT712. Craig denies all remaining allegations of paragraph 12 of the Complaint.

13. Craig objects to the allegations of paragraph 13 of the Complaint insofar as it includes claim terms (including but not limited to “central processing unit,” “CPU,” “memory,” “programs,” and “compact disk,”) whose meaning is yet to be determined by the Court pursuant to claim construction proceedings. To the extent that the allegations of paragraph 13 require a response from Craig, Craig denies same.

14. Craig denies the allegations of paragraph 14 of the Complaint.

15. Craig denies the allegations of paragraph 15 of the Complaint.

16. Craig denies the allegations of paragraph 16 of the Complaint.

## PRAYER FOR RELIEF

In response to Plaintiff’s Prayer for Relief, Craig denies that Plaintiff is entitled to any of the relief requested in paragraphs (A) through (C), to the extent that such relief is sought against Craig. Further, Craig requests the recovery of all of its reasonable attorneys’ fees and costs for all counts of this section of the Complaint upon which Craig is the prevailing party.

Craig denies each and every allegation of the Complaint not specifically admitted and further denies that Plaintiff is entitled to any relief whatsoever from Craig on the basis of any of the purported claims for relief contained in the Complaint.

**AFFIRMATIVE DEFENSES**

For further answer by way of affirmative defenses, Craig respectfully states as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. Craig has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any purportedly valid claim of the Patent in Suit.

**SECOND AFFIRMATIVE DEFENSE**

2. The Patent in Suit, and each and every claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. §102 because the alleged invention therein was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the purported invention thereof by the named inventor.

**THIRD AFFIRMATIVE DEFENSE**

3. The Patent in Suit, and each and every claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. § 102 because the alleged invention therein was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the filing date of any application for the Patent in Suit in the United States.

**FOURTH AFFIRMATIVE DEFENSE**

4. The Patent in Suit, and each and every claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. § 102 because, before the named inventor's alleged invention of the subject matter claimed in the Patent in Suit, the invention was made in this country by another who had not abandoned, suppressed or concealed it.


**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## FIFTH AFFIRMATIVE DEFENSE

5. The Patent in Suit, and each and every claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. § 103 because any differences between the subject matter sought to be patented in the Patent in Suit and the prior art are such that the subject matter as a whole would have been obvious to a person having ordinary skill in the art to which said subject matter pertains at the time the invention was allegedly made.

## SIXTH AFFIRMATIVE DEFENSE

6. The Patent in Suit, and each and every claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. § 112 because the alleged invention is not described in such full, clear, concise and exact terms as to enable any person skilled in the art to make and use the same.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Patent in Suit is invalid for failure to comply with the provisions of 35 U.S.C. § 112 because the claims therein fail to particularly point out and distinctly claim the subject matter which applicant regards as the alleged invention.

## EIGHTH AFFIRMATIVE DEFENSE

8. Craig does not infringe any claim of the Patent in Suit and Plaintiff is estopped from asserting any infringement thereof by virtue of the fact that during the proceedings relating to the issuance of the Patent in Suit, the admissions, representations and amendments made by the applicant and/or his attorneys prevent a construction of the claims of the Patent in Suit broad enough to encompass any product imported, made, used, sold, or offered for sale by Craig.


**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff has failed to comply with the provisions in 35 U.S.C. § 287(a) and, therefore, Craig asserts that any damages that Plaintiff may be entitled to recover pursuant to its claim are limited by the notice requirements of 35 U.S.C. § 287.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff is not entitled to equitable relief because it has an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims against Craig for infringement of the Patent in Suit are barred in whole or in part by equitable doctrines, including waiver, laches, unclean hands and/or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims for damages are restricted or voided by the time limitations set forth in 35 U.S.C. § 286

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff has not suffered and will not suffer any injury or damages by way of the acts and conduct alleged in its Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. To the extent Plaintiff asserts indirect patent infringement by Craig, Craig is not liable for any acts alleged to have been performed before Craig knew that such acts could constitute indirect infringement.

15. Craig reserves the right to amend or supplement the above affirmative defenses and to add additional affirmative defenses as warranted by facts discovered during litigation.

## PRAYER FOR RELIEF

WHEREFORE, CRAIG ELECTRONICS, INC. respectfully requests that this court enter a judgment in its favor and against Plaintiff and grant relief as follows:

A. That Plaintiff recover nothing and that its Complaint be dismissed with prejudice;

B. Declaring the Patent in Suit invalid;

C. Declaring the Patent in Suit has not been infringed by Craig;

D. Declaring this case exceptional under 35 U.S.C. § 285;

E. Awarding recovery of Craig's costs in defending the instant lawsuit, including reasonable attorney's fees;

F. Granting such further and other relief as the Court deems just and proper.

Date: March 29, 2016

Respectfully submitted,

**LOTT & FISCHER, PL**

**/s/ Ury Fischer**

Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Adam Diamond
Florida Bar No. 091008
E-mail: adiamond@lottfischer.com
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

***Attorneys for Defendant Craig Electronics, Inc.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF per Local Rule CV-5(a)(3). I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

**/s/ Ury Fischer**
Ury Fischer

**SERVICE LIST**

***Motile Optics, LLC v. Craig Electronics, Inc.***
***Case No. 6:15cv-1072-RWS/JDL***

Service via CM/ECF generated Notices of Electronic Filing:

Daniel C. Cotman
Rasheed M. McWilliams
**Cotman IP Law Group, PLC**
35 Hugus Alley
Suite 210
Pasadena, CA 91103
Telephone: 626-405-1413
Facsimile: 626-316-7577
E-mail: dan@cotmanip.com
E-mail: rasheed@cotmanip.com

***Attorneys for Plaintiff***